C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
RAHJON MORROW,

                     Petitioner,

        - against -

SUPERINTENDENT ROYCE, Green Haven
Correctional,

                     Respondent.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-3496 (BMC)

**COGAN**, District Judge.

    Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 from his New York conviction before a jury for attempted second-degree murder (N.Y. Penal Law § 110/125.2(1)), two counts of second-degree criminal weapons possession (N.Y. Penal Law § 265.03(1)(b) and (3)), and first-degree assault (N.Y. Penal Law § 120.10(1)). The facts are straightforward: petitioner shot his estranged wife's boyfriend five times from a car as the boyfriend left the wife's home. Before firing the shots, petitioner called out, "What, you had a good time right? Now I'm gonna f---ing kill you."

    Petitioner seeks to reprise one point that he raised in his *pro se* brief on appeal: that the evidence was legally insufficient to sustain his conviction.[1] The Appellate Division rejected this argument, holding: "The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review. In any event, viewing the evidence in the

---

[1] Petitioner raised several other claims on direct appeal and in collateral proceedings, but his habeas corpus petition raises only legal insufficiency.

light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." People v. Morrow, 172 A.D.3d 905, 906, 100 N.Y.S.3d 378, 379 (2nd Dep't 2019) (citations omitted), leave to app. denied, Index No. 531/15 (2nd Dep't Sept. 16, 2019).[2]

The Appellate Division's holding that petitioner's claim was "unpreserved" creates a procedural bar to habeas corpus review in this Court. A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)) (emphasis omitted). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178, 191-92 (2d Cir. 2007).

State procedural grounds are adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376 (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)). Moreover, if a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (noting that state courts "need not fear reaching the merits of a federal claim in an *alternative* holding" because "[b]y its very

---

[2] New York Criminal Procedure Law § 460.20(2)(a) permits a defendant to seek leave to appeal to the Court of Appeals either from a justice of the Appellate Division or a judge of the Court of Appeals, but not both. See People v Corso, 85 N.Y.2d 883, 626 N.Y.S.2d 753 (1995); People v. McCarthy, 250 N.Y. 358, 361, 165 N.E. 810, 811 (1929) ("only one such application can be made") (predecessor statute). Here, petitioner elected the former.

definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law").

The Appellate Division's holding that petitioner's claim was unpreserved was firmly in line with New York law. At the conclusion of the prosecution's case, petitioner's attorney simply stated that the case should be dismissed "because the People have failed to put forth a *prima facie* case." It is well established under New York law that a general objection at the close of the prosecution's case, not stating specific grounds, will not preserve a particular argument as to why the evidence was insufficient. See N.Y. Crim. Proc. L. § 470.05(2); Garvey v. Duncan, 485 F.3d 709, 714-715 (2d Cir. 2007) (general objection not sufficient because, as "New York's highest courts uniformly instruct," to preserve a claim, a defendant must "specifically focus on the alleged error") (collecting state court authority); People v. Gray, 86 N.Y.2d 10, 19, 629 N.Y.S.2d 173, 176 (1995).

Once it is determined that a claim is procedurally barred under state procedural rules, however, a federal court may still review such a claim on the merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. See Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262. The latter avenue, a miscarriage of justice, is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

The first avenue, cause for the default and prejudice therefrom, can be demonstrated with "a showing that . . . the procedural default is the result of ineffective assistance of counsel."

3

Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (quoting Murray, 477 U.S. at 488) (alteration in original).  However, the ineffective assistance claim must itself have been exhausted in the state court.  See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  To adequately exhaust a claim, a petitioner must have "fairly presented" the claim to the state court.  Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982).

Although petitioner raised a claim of ineffective assistance of trial counsel on appeal, he never contended that his trial counsel was ineffective for failing to preserve the point of legal insufficiency.  He therefore cannot rely on ineffective assistance of counsel to avoid the procedural bar, see Edwards, 529 U.S. at 451-52, and the record suggests no other avenue of establishing cause for the default or prejudice.

Nor does this case present a miscarriage of justice.  Indeed, petitioner's argument is not even a genuine legal sufficiency argument; it is a "weight of the evidence" argument, which is not cognizable on federal habeas corpus review.  See, e.g., Mobley v. Kirkpatrick, 778 F. Supp. 2d 291, 311 (W.D.N.Y. 2011) ("Federal courts routinely dismiss claims attacking a verdict as against the weight of the evidence on the basis that they are not federal constitutional issues cognizable in a habeas proceeding.") (citing, *inter alia*, Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . . ")); Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) ("A weight of the evidence argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles . . . .  Accordingly, the Court is precluded from considering the claim.") (internal quotation marks and citations omitted). Here, the victim, who knew petitioner, identified him in court as the shooter.  Cell phone data placed petitioner in the vicinity at the time of the shooting,

and then leaving the area immediately after the shooting, thereby corroborating the victim's testimony. Petitioner's call records further corroborated the victim's testimony that petitioner had called his estranged wife earlier that evening, demanding to know where she was. In fact, the cell phone records between petitioner and his estranged wife showed over 150 texts plus multiple telephone calls on the night of the shooting.

Petitioner's attempts to attack the victim's credibility and criticize the evidence show, at most, that this case presented a jury question, and but for the Constitution, hardly even that. The application of the procedural bar does not come near to creating a miscarriage of justice.

The petition is accordingly denied, and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue as the petition presents no substantial constitutional issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　August 23, 2020